UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:25-20035-CR-MORENO

UNITED STATES OF AMERICA
        Plaintiff,

v.

KEINER CICILIA RODRIGUEZ,
        Defendant.
_____/

**DEFENDANT'S *AMENDED* MOTION TO PRESERVE
EVIDENCE AND SCHEDULE DEPOSITIONS**

The Defendant, Keiner Cicilia Rodriguez, through undersigned counsel and Pursuant to Rule 15(a)(1) of the Federal rules of Criminal Procedure, moves to preserve evidence for purposes of trial by authorizing the depositions of several undocumented aliens who were part of the alleged alien smuggling operation with which the defendant is charged.

BACKGROUND

The Defendants are charged in a 26 Count indictment. Count 1 charges a conspiracy to knowingly and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of the law, did transport and move such alien within the United States, by means of transportation or otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(ii). Counts 2-26 charge the defendants knowingly and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, did transport and move such alien within the United

States, by means of transportation and otherwise, in furtherance of such violation of law. [DE 22].

The Complaint, [DE 1], alleges the defendants used a U-Haul and Toyota Corolla to transport undocumented aliens who originated from China, Ecuador and Brazil and that some of the undocumented individuals made statements. Since most of those individuals have not been charged with a crime, and are only detained as material witnesses, they are subject to be removed to their countries of origin.

The defense requests authorization to depose the witnesses identified in the complaint as Y.Y., Y.L., E.C.[1], H.T., and O.P. in order to preserve their testimony for trial.

In addition, the defendant submits the other witnesses, the ones not specifically named in the complaint, should also be made available to be interviewed to determine if they should be deposed prior to removal to their countries of origin. The defendant wants to know where each of them are being housed and wants access to them.

## LEGAL STANDARD

The Court may authorize a deposition to preserve witness testimony for trial based on "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). The Defendant is entitled to be present during the deposition and the Government must pay for the costs of taking the deposition. Fed. R. Crim. P.

---

[1] The government has since advised the defendant that the correct initials of that individual are E.B.

15(c)&(d). The scope and manner of the direct and cross-examination of the witness must be the same as trial. Fed. R. Crim. P. 15(e).

Three factors guide the determination of whether "exceptional circumstances" exist for a Rule 15 deposition: "whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render the taking of the deposition unjust to the nonmoving party." *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).

"[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Id.* "The moving party may demonstrate the probable unavailability of a prospective deponent 'through affidavits or otherwise.'" *Id.* at 1553. "Significantly, that showing need not be conclusive before a deposition can be taken." *Id.* A witness is "unavailable" whenever there is a "substantial likelihood" that the witness will not testify at trial. *Id.*

The deposition may be admitted in whole or in part as evidence at trial if the witness is deemed "unavailable for trial[.]" *See United States v. Bond*, 362 Fed. Appx. 18, 22 (11th Cir. 2010). Both the United States and the Defendant's counsel will be able to state any objections on the record during the deposition, which can then be

3

ruled on by the Court at a later hearing. An added benefit of this procedure allows for the pretrial redaction of any testimony where an objection was sustained so that the jury never hears it and no curative instruction is necessary.

## STATEMENT REGARDING LOCAL RULE 88.9

Undersigned counsel conferred with AUSA Andres Chinchilla who expressed he has no objection to deposing witnesses Y.Y., Y.L., E.C., H.T., and O.P.

The defense also wants to interview *all* the undocumented aliens in order to determine if there are others, not referred to in the complaint, whose testimony should be preserved for trial. AUSA Chinchilla does not object to interviews of the remaining aliens but does object to an order directing his office to preserve - and not physically deport – the remaining individuals. In addition, the government objects to a blanket deposition of all the remaining 21 undocumented aliens referenced in the indictment.

The Federal Defender's Office, on behalf of Sedeno Rodriguez, joins in Cicilia's motion. Undersigned counsel was unable to reach counsel for Villares.

## CONCLUSION

The parties respectfully request this Honorable Court enter an order authorizing the deposition, under the procedures set for in Rule 15(a)-(g) of the Federal Rules of Criminal Procedure, of the undocumented aliens referred to as Y.Y., Y.L., E.C.[2], H.T., and O.P.

---

[2] The government has advised that the correct initials for E.C. are E.B.

4

The defendant seeks access to interview the remaining 21 aliens and depose any who provides exculpatory testimony.

RESPECTFULLY SUBMITTED

By: */s/* ***Celeste Siblesz Higgins***
Celeste Siblesz Higgins
Florida Bar No.909718
396 Alhambra Cir., Suite 202
Coral Gables, Florida 33134
Tel: (786) 643-8263
E-mail: celeste@chigginslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

 */s/* ***Celeste S. Higgins***